IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HENRY MAXWELL/RASULALLAH,
ADC #80266                                                                                          PLAINTIFF

v.                                         5:07CV00323SWW/HLJ

LARRY B. NORRIS, et al.                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the

>     hearing before the District Judge in the form of an offer of
>     proof, and a copy, or the original, of any documentary or
>     other non-testimonial evidence desired to be introduced at
>     the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>     Clerk, United States District Court
>     Eastern District of Arkansas
>     600 West Capitol Avenue, Suite 402
>     Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff is an inmate confined at the Grimes Unit of the Arkansas Department of Correction (ADC), and has been granted in forma pauperis status in this action filed pursuant to 42 U.S.C. § 1983.

According to plaintiff's complaint, he was falsely charged with disciplinary violations on November 7, 2007 and November 14, 2007, while incarcerated at the Wrightsville Unit, and the convictions resulted in sentences to punitive isolation and reduction of class and privileges. Plaintiff alleges defendant Leveritt falsely charged him with the November 7 violation, and defendant Waddle further punished him by finding him guilty of the charges., which caused him pain and suffering. Plaintiff states he appealed his November 7 conviction to defendant Gibson, who affirmed his conviction, and has not yet received a response to his appeal to defendant Norris. Plaintiff asks for termination of the defendants, restoration of his class, and damages to compensate him for the time spent in punitive isolation.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss

a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true. See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984). A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

The Court finds that this case falls within the context of Edwards v. Balisok, 117 S.Ct. 1584 (1997), and Heck v. Humphrey, 114 S.Ct. 2364 (1994). In Balisok, supra, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. 117 S.Ct. at 1587. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. In the earlier case of Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would

necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court.  See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In addition, it has also been held that the filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), and that in order to file a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination prior to bringing suit.  Barker v. Scheere, 1998 WL 101924 (N.D.Tex. 1998).

In this particular case, plaintiff is challenging both the disciplinary procedures and the results in his complaint.  He alleges the charges were filed against him falsely, and that defendants Waddle and Leveritt violated his due process rights which resulted in twenty-two days spent in punitive isolation.  A challenge to both the results and procedures used in the disciplinary hearings would necessarily imply the invalidity of the those violations and resultant punishments.  In addition, plaintiff states he has not yet received a response to his appeal to defendant Norris.   Therefore, the Court finds that such an allegation can not form the basis of a § 1983 claim, and that any decision by this Court concerning the disciplinary violations would necessarily imply the invalidity of the proceedings.

Therefore, the Court finds that plaintiff's complaint should be dismissed without prejudice, pursuant to Heck and Balisok, supra,  and that should his disciplinary convictions be invalidated by a state  tribunal or federal court, he may reassert his claim for damages in a subsequent § 1983 action.  Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED without prejudice to plaintiff's right to reassert his claim should his disciplinary be invalidated by a state

tribunal or federal court.[1]

    IT IS SO ORDERED this 10th day of January, 2008.

                                                    */s/ Henry L. Jones, Jr.*
                                                 United States Magistrate Judge

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).